IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL CORROW, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF U.S. PRISONS, et ) <br> al., ) <br> ) <br> Respondents. ) <br> _____ ) | No. C 06-0807 MMC (PR) <br><br> **ORDER OF DISMISSAL** |

On February 6, 2006, petitioner, presently in the custody of the Federal Bureau of Prisons at a "halfway house" in Oakland, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, petitioner requests that he be transferred to a halfway house in Los Angeles. Petitioner has paid the filing fee.

A prisoner wishing to challenge the execution of a federal sentence must do so by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which petition must be addressed to the district that has jurisdiction over the prisoner or his custodian, which district, generally, is the district of confinement. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). As petitioner appears to be challenging the execution of his federal sentence, specifically, the place where he is being held in custody, his claims are properly raised in a § 2241 petition.

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence, however, only on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). As noted,

petitioner's only claim herein is that he is being housed in Oakland, and that he prefers to be housed in an institution in Los Angeles.

Prisoners have no constitutional right to incarceration in a particular institution.  See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); see also Poland v. Stewart, 117  F.3d 1094, 1098 (9th Cir. 1997) (finding Attorney General retains broad powers over the placement of federal prisoners).  A prisoner's liberty interests are sufficiently extinguished by his conviction that he generally may be confined in or transferred to any institution within the prison system without offending the Constitution.  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (finding intrastate transfer of state prisoner does not implicate Due Process Clause); see also Olim, 461 U.S. at 244-48 (finding interstate prison transfer of state prisoner does not implicate Due Process Clause)); Poland, 117 F.3d at 1098 (finding due process not implicated by placement of federal prisoner in state prison); Stewart v. McManus, 924 F.2d 138 (8th Cir. 1991) (finding no due process rights implicated in transfer from state to federal prison).  Consequently, petitioner's request to be transferred to a different institution does not implicate his constitutional rights, and does not state a cognizable claim for relief under 28 U.S.C. § 2241.

Accordingly, the above-titled petition for a writ of habeas corpus is hereby DISMISSED, for failure to state a cognizable claim for relief.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 2, 2006

_____
MAXINE M. CHESNEY
United States District Judge